UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS CHARLES DAVIS,

    Defendant.

_____/

CASE No. 1:08-cr-165-1

HON. ROBERT J. JONKER

## **OPINION REGARDING DEFENDANT DAVIS'S FIRST STEP ACT MOTION**

### INTRODUCTION

Defendant Davis pleaded guilty to a Section 841(b)(1)(B) crack cocaine offense in August 2008. At the time, the offense of conviction exposed Defendant to a mandatory minimum sentence of five years in prison and a maximum of forty years. On December 23, 2008, the Court imposed a sentence of 210 months imprisonment. This was the bottom end of Defendant's guideline range, after accounting for the government's 5K motion, and still well above the mandatory minimum. Since then, Defendant has received the benefit of certain retroactive guideline amendments and is currently serving a reduced sentence of 168 months imprisonment. According to the Bureau of Prisons website, Defendant Davis is currently scheduled to be released on June 11, 2020.

The matter before the Court is Defendant Davis's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 141). The Court appointed counsel to assist Defendant Davis with his First Step motion. Both sides have filed briefs. The government responds that Defendant Davis is not eligible for a reduced sentence based

on the 4.15 kilograms of crack cocaine attributed to him in the PSR. (ECF No. 145). The defense responds that the First Step Act goes further and opens the door to a plenary resentencing with the statutory range of 0 to 240 months in Section 841(b)(1)(C) being the only limit. (ECF No. 144). According to the defense this means, among other things, that the Court should apply the current statutory framework and take into account Defendant Davis's post sentencing behavior to impose a reduced sentence.

The Court finds that Defendant Davis is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The First Step Act grants reviewing courts the discretion to reduce, or not to reduce, an eligible defendant's sentence. The Court concludes, in its discretion, that no reduction is warranted for this eligible defendant. While the range of statutory penalties applicable to Defendant Davis may be reduced after applying the First Step Act, that range never constrained this Court in determining an appropriate sentence when imposing the original sentence. For this reason, and those detailed more fully below, the Court denies Defendant's motion to the extent it seeks a reduced sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Defendant Davis's Charge & Plea*

In July 2008, officers with the Kalamazoo Valley Enforcement Team (KVET) arrested Travis Farris for trafficking crack cocaine. Following his arrest, Mr. Farris waived his Miranda Rights and told the interviewing officers that his supplier was Defendant Davis. Mr. Farris further stated that for the past eighteen months he had obtained at least two ounces of crack cocaine per week from Defendant Davis, and on at least five additional occasions, Defendant Davis had sold him 4.5 ounces of crack cocaine.

On July 8, 2008 KVET officers conducted a controlled buy from Defendant and 62.9 grams of crack cocaine were involved in that purchase. Defendant Davis was subsequently arrested. While executing a search warrant of his residence, law enforcement officers found cash currency, an empty box relating to a digital scale, as well as a handgun and ammunition.

Defendant Davis was indicted the following day on July 9, 2008. (ECF No. 11). Thereafter he reached a plea agreement with the government to plead guilty to a lesser charge contained in a superseding felony information. That document charged Defendant with conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 846; 841(a)(1); and 841(b)(1)(B)(iii). (ECF No. 32). Defendant Davis pleaded guilty to that charge in open court on August 19, 2008. (ECF No. 33). In exchange for his guilty plea, the government agreed (among other things) not to file a notice of prior drug conviction that would serve to enhance Defendant's sentence under 21 U.S.C. § 851, and not to oppose Defendant's request for a reduction in his offense level for acceptance of responsibility. (ECF No. 31).

### 2. *PSR & Sentencing*

The Final Presentence Report (PSR) prepared by the probation officer found that Defendant Davis was responsible for 4.15 kilograms of crack cocaine. (PSR ¶ 28). The quantity, in turn, triggered an initial base offense level of 36, the second highest level under the drug guidelines. (PSR ¶ 45). Two points were then added under Section 2D1.1(b)(1) of the sentencing guidelines for possession of a dangerous weapon. (PSR ¶ 46). After adjusting downward for acceptance of responsibility, the total offense level was 35. (PSR ¶ 52). The officer next scored Defendant's criminal history at nineteen points, resulting in a criminal history category of VI. (PSR ¶ 78).

The guideline range for the offense, based on a total offense level of 35 and criminal history category of VI, was 292 to 365 months on the chart. (PSR ¶ 117). These levels, furthermore, were reached independent of Defendant Davis's status as a career offender. There were no guideline objections raised during the June 14, 2010, sentencing hearing and the Court accepted the PSR's guideline determination. The Court then granted a government motion for a three-level reduction under Section 5K for Defendant Davis's substantial assistance. This resulted in an offense level of 32, corresponding to a guideline range of 210 to 262 months on the chart.

In applying the Section 3553(a) factors during Defendant's sentencing, the Court concluded a sentence of 210 months was appropriate to accomplish the purposes of sentencing. The Court proceeded to impose a sentence of 210 months followed by a 5-year term of supervised release. Judgment entered on June December 24, 2008. (ECF No. 54). Defendant timely appealed, and on October 16, 2009, the Sixth Circuit Court of Appeals affirmed the Court's Judgment. *United States v. Davis*, No. 09-1059 (6th Cir. Oct. 16, 2009).

### 3. *Defendant Davis's Guideline Amendment 782 Motion*

Following his unsuccessful appeal Defendant returned to his criminal case to seek a reduced sentence under Guideline Amendment 782. (ECF No. 113, 128).[1] The probation officer prepared a Sentence Modification Report with the following analysis using the November 1, 2015 edition of the guideline manual.

| | | |
|---|---|---|
| Base Offense Level: | 34 | (based on 4.15 kilograms of crack cocaine. *See* § 2D1.1(c)(3) (2015))[2] |
| Special Offense Characteristic: | +2 | |

---

[1] Defendant also sought relief under Guideline Amendment 750 and in a Section 2255 proceeding. The Court discussed these motions in an earlier order. (ECF No. 142, PageID.435-436). Neither of those efforts were successful, and so the Court need not repeat the discussion here.
[2] Under the 2015 edition of the guidelines, at least 8.4 kilograms of crack cocaine was necessary to trigger offense level 36, the base offense level originally applicable to Defendant.

| | |
|---|---|
| Adjusted Offense Level: | 36 |
| Adjustment for Acceptance: | -3 |
| **Total Offense Level:** | **33** |

(ECF No. 133)

The Amendment accordingly reduced Defendant's offense level by two levels before any consideration of the existing reduction under the government's 5K motion. Defendant's Criminal History Category remained at VI, and so his amended guideline range was 235 to 293 months on the chart. (Nov. 2015 SMR, ECF No. 133, PageID.383). The probation officer then recommended a modified sentence of 168 months be entered. This recommendation reflected the bottom end of an adjusted guideline range that accounted for a three-level departure consistent with the government's 5K motion—168 to 210 months (LO 30, CHC VI).

On December 18, 2015, the Court granted the motion and reduced Defendant's sentence to 168 months imprisonment. (ECF No. 137). The sentencing guideline policy statements did not permit a further reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) (noting "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3852(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.")

### 4. *The Fair Sentencing Act of 2010*

In the summer of 2010, Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S.

260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the 5 years to 40 years sentencing range of Section 841(b)(1)(B)(iii) that Defendant Davis was convicted under, the offense must involve more than 28 grams of crack cocaine.

Those changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[3] Because Defendant Davis had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

5. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by

---

[3] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Because Defendant Davis was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the reviewing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

### 1. Summary of the Court's Process

In an earlier decision in a separate case, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether

7

a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 651. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. That is true here as well. Based on the Court's approach in *Boulding*, these questions do not affect the categorical eligibility determination. They simply inform the Court's discretionary call at the second step.

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.*; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 379

8

F. Supp. 3d at 653. At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct. *Jones*, 2019 WL 248-113, at *2.

### 2. Defendant Davis is Eligible for a Reduced Sentence.

At the first step, the Court concludes Defendant Davis is eligible for consideration of a reduced sentence under the First Step Act. Defendant Davis's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]" He was, accordingly, convicted of a "covered offense."

The categorical limitations in Section 404(c) also do not apply to Defendant Davis. His sentence was not "previously imposed or previously reduced in accordance" with the amendments made by sections 2 and 3 of the Fair Sentencing Act.[4] And he has not previously moved to reduce

---

[4] It may be argued that Defendant Davis is, in fact, serving a sentence that has been previously reduced under in accordance with these sections since he has received a reduced sentence under the guideline amendment. Indeed, some courts have found a defendant who previously received a reduced sentence under the guideline amendments following the Fair Sentencing Act's enactment to be ineligible for relief. *See United States v. Curb*, No. 06 CR 324-31, 2019 WL 2017184 (N.D. Ill. May 7, 2019) (noting "the sentencing changes wrought by the FSA included not only the change in the quantities needed to trigger application of the mandatory minimum sentences but also the Guideline amendments necessary to implement those statutory changes"). Defendant Davis, however, received no reduction under Guideline Amendment 750 or 759. So those motions did not result in a sentence that was "previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." While Defendant subsequently did receive a reduced sentence under Guideline Amendment 782, the Sentencing Commission has remarked that in promulgating this amendment, the Commission "separately reduced the drug guidelines for all drugs, including crack cocaine, by two levels, and made this change retroactive." Report to the Congress: Impact of the Fair Sentencing Act of 2010; UNITED STATES SENTENCING COMMISSION (Aug. 2015), *available at* https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/drug-topics/201507_RtC_Fair-Sentencing-Act.pdf. So Amendment 782 was unrelated to the Fair Sentencing Act. Instead it was issued under the Sentencing Commission's general authority found in 28

9

his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

The government asserts Defendant Davis is not eligible because the quantity of narcotics he is responsible for—4.15 kilograms of crack cocaine—still exceeds the 28 grams of crack cocaine now necessary to trigger the original penalty range. As noted above, the Court has declined to adopt this approach, as have many other courts. *See* Andy Sullivan, *As New U.S. Law Frees Inmates, Prosecutors Seek to Lock Some Back Up*, Reuters (July 23, 2019, 6:07 AM), https://www.reuters.com/article/us-usa-crime-firststep-insight/as-new-u-s-law-frees-inmates-prosecutors-seek-to-lock-some-back-up-idUSKCN1UI132 (noting 73 of 81 reviewed cases have declined to adopt government argument that reviewing courts "should base their decision on the total amount of drugs that were found to be involved during the investigation, rather than the often smaller or more vague amount laid out in the law [the defendant] violated years ago."). The Court is satisfied that Defendant Davis qualifies as an eligible individual under the First Step Act.

3. **Scope of Relief**

    a. *Guideline Comparison*

At the second step, the Court considers the scope of relief available to Defendant Davis and then proceeds to determine by how much, if any, it should reduce the Defendant's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Defendant's crack cocaine conviction as it existed when Defendant Davis was originally sentenced in 2008 and the guidelines as they exist

---

U.S.C. §§ 994-995. *See* "Notice of proposed amendments to sentencing guidelines, policy statements, and commentary . . . .," 79 Fed. Reg. 3280–01 (January 17, 2014) (noting that the Sentencing Commission was considering certain guideline amendments (including Amendment 782) under the statutory authority of 28 U.S.C. §§ 994(a), (o), and (p)).

now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

|  | 2008 Guidelines | 2018 Guidelines |
|---|---|---|
| Base Offense Level<br><br>*4.15 kilograms of cocaine base* | Level 36 (§ 2D1.1(c)(2)) (2008)<br><br>*At least 1.5 KG but less than 4.5 KG of Cocaine Base* | Level 34 (§ 2D1.1(c)(3)) (2018)<br><br>*At least 2.8 KG but less than 8.4 KG of Cocaine Base* |
| Special Offense Characteristics<br><br>*Possession of a dangerous weapon* | +2 levels (§ 2D1.1(b)(1) (2008)) | +2 levels (§ 2D1.1(b)(1) (2018) |
| Total Drug Offense Level (After Acceptance) | Level 35 | Level 33 |
| Statutory Penalty | 5 years to 40 years<br><br>*Section 841(b)(1)(B)(iii)* | 0 years to 20 years<br><br>*Section 841(b)(1)(C)* |
| Chapter Four Enhancement (After Acceptance) | Level 31 (§ 4B1.1(b)(B)) (2008)<br><br>*Maximum 40-year penalty* | Level 29 (§ 4B1.1(b)(3)) (2018)<br><br>*Maximum 20-year Penalty* |
| **Total Offense Level** | Level 35 | Level 33 |
| **Criminal History** | Category VI<br><br>*with and without career offender status* | Category VI<br><br>*with and without career offender status* |
| **Guideline Range** | 292 to 365 months | 235 to 293 months on the chart; 235-240 months accounting for statutory maximum |

As the above chart demonstrates, Defendant Davis's guideline range has not changed from that calculated for purposes of evaluating his motion under Amendment 782. Accounting for an additional three level reduction would result in the same guideline range of 168 to 210 months on the chart. While the range of statutory penalties based on the quantity charged has also been reduced, this reduction does not affect the sentencing guidelines in this case.

### b. *Discretionary Decision in this Case*

The Court has considered the position of both parties on the revised guideline issue and on quantity. The Court has also reviewed the original PSR, and the rest of the record, including a report from the Bureau of Prisons relating to Defendant Davis's post-sentencing conduct. After its review, the Court determines not to exercise its discretion in this case. *See* First Step Act § 404(c).

All things considered, the Court is satisfied that Defendant Davis's sentence, as modified in the Court's December 18, 2015, Order, reflects the appropriate balance of the sentencing considerations. The only practical effect of the First Step Act as applied to Defendant Davis is a two-point reduction in Defendant's offense level, and a reduction in his statutory penalties from Section 841(b)(1)(B) to Section 841(b)(1)(C). The former consideration has already been accounted for in the Court's December 18th Order, and the latter consideration has no real heft because the statutory penalties have never constrained the Court's ability to consider the full range of the Section 3553(a) sentencing factors.

To be sure, the fact that Defendant's guideline range remains unchanged "does not foreclose a reduction of his sentence[.]" *United States v. Garrett*, No. 1:03-cr-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019). But this factor is certainly one of the several considerations the Court takes into account when determining whether to exercise its discretion. The Court further acknowledges that the First Step Act does not include the artificial guideline constraints that applied in previous rounds of retroactive relief, including with respect to Defendant's motion under Guideline Amendment 782. The First Step Act would permit, if the Court thought it warranted, a below amended guideline sentence.

But the Court discerns no reason to do so now. It remains the case that Defendant brought significant amounts of crack cocaine into West Michigan communities. The amount of narcotics Defendant is responsible for, moreover, is enough to meet the third offense level under the drug guidelines. The report for the Bureau of Prisons reflects some disciplinary infractions in addition to educational achievement. The sentence Defendant is currently serving—168 months—is the best balance of the Section 3553 factors.

## CONCLUSION

The Court declines to exercise its discretion under the First Step Act to reduce the sentence of an eligible defendant. Defendant Davis's motion for a modification or reduction of sentence under the First Step Act (ECF No. 141) is therefore denied.

A separate Order consistent with this Opinion shall issue.


Dated: __September 24, 2019__     /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     CHIEF UNITED STATES DISTRICT JUDGE